[No. 7,133.—Department Two.]

## THE PEOPLE v. L. A. PRATT.

SCHOOL TAX—ELECTION—POSTING OF NOTICES—EQUALIZATION—LEVY OF TAX.—A judgment for a delinquent school tax affirmed.

APPEAL from a judgment for the plaintiff in the Superior Court of Tulare County. BRUNDAGE, J.

The resolution of the Board of Trustees was that an election should be called to submit to the electors of said school district the question whether a tax of two thousand five hundred dollars shall be raised for maintaining the school for the remainder of the term of the present school year, and for the purchasing and inclosing the school grounds, and completion of school buildings in said district, and the notice of the election was substantially to the same effect.

*Brown & Daggett,* for Appellants.

The evidence shows that the notice of election was insufficient to authorize an election to be held. Political Code, section 1832, declares that the notices " must specify  *  *  * the amount of money proposed to be raised, and the purpose for which it is intended to be used." The validity of the tax depends upon the validity of the election. (*People* v. *Castro,* 39 Cal. 65; *People* v. *Seale,* 52 id. 71; Cooley on Taxation, p. 257, and cases there cited; *Smith* v. *Davis,* 30 Cal. 536.) The notice in this case called an election to raise a tax for four purposes, and it can not be ascertained from the notice given in the proceedings under which this tax is claimed, how much money was intended to be used for each purpose. Section 1832, when properly understood, requires the notice to state specifically the amount of money intended to be used for each purpose. This conclusion is strengthened by a reference to section 1839 of the Political Code, which provides that " the maximum rate of tax levied by a district in any one year for building purposes must not exceed seventy cents on each one hundred dollars, and the maximum rate levied for other school purposes must not exceed thirty cents on each one hundred dollars." There is nothing in these tax

proceedings to show that the board did not intend to levy, and have not levied, fifty cents on the one hundred dollars for the purpose of additional school facilities. There are no presumptions in favor of the proceedings of the Board of Trustees, because the Board is vested with limited powers. (*Finch* v. *Tehama County*, 29 Cal. 453; Cooley on Taxation, p. 334 *et seq.; Haskell* v. *Bartlett*, 34 Cal. 281; *People* v. *McCreery*, 34 id. 461.)

*E. J. Edwards*, for Respondent.

It was not intended, by the Political Code, section 1832, that the notice should specify separately the amounts to be raised for each particular purpose. Section 1830 of the Political Code authorizes the board to submit the question of a tax for certain purposes. The question to be submitted is not several taxes for several purposes, but one tax for several purposes. (Pol. Code, §§ 1832, 1834.)

The COURT:

This appeal is from a judgment entered against the appellant for a delinquent school tax amounting to two dollars and forty-eight cents.

The validity of the tax is disputed on the ground that the trustees of the school district did not, in calling the election, posting notices, and equalizing the assessments, comply with the law. From an examination of the record before us we have arrived at the conclusion that there was a substantial compliance with the law by the Board of Trustees in the matters brought to our attention by the appellant, and that the judgment should be affirmed.

Judgment affirmed.